STATE of Minnesota, Respondent,

v.

Avonne L. WINSTON, Appellant.

No. C0-87-894.

Court of Appeals of Minnesota.

Sept. 22, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Mollie G. Raskind, Deputy State Public Defender, Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., and CRIPPEN and MULALLY*, JJ., with oral argument waived.

## OPINION

MULALLY, Judge.

This appeal is from a judgment of conviction of theft over $2500, Minn.Stat. § 609.-52, subds. 2(1) and 3(1) (Supp.1985). Appellant Avonne Winston challenges the sufficiency of the evidence to support the conviction.

## FACTS

Appellant Avonne Winston was charged with theft of a fur coat at Schlampp's fur store in Minneapolis on February 11, 1986. Winston admitted shoplifting on that date, but claimed she had taken only two dresses of substantially less value. The fur coat was not recovered.

A Schlampp's salesperson testified that she saw Winston and a companion enter the store in the late afternoon. She greeted them at the door. They told her they came to look at fur coats, and she directed them to the third floor, where the furs were displayed. She testified they did not look at dresses which are displayed on the first floor.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

The store's assistant manager testified he noticed Winston on the third floor. Winston seemed very nervous when he asked her if she needed help. He noticed a large lump between her legs under the ankle-length coat she wore. He looked for and found an empty coat hanger. He allowed Winston to leave the third-floor area, but stopped her before she left the store and demanded the coat. Winston ran across the street, and escaped into a waiting automobile. The assistant manager testified an inventory taken after the incident revealed a missing fur coat of a value of $3650.

Two Minnesota Housing and Redevelopment Authority (MHRA) patrol officers testified they heard the call on the police radio concerning the fleeing car, and followed a car fitting the description. Each testified they saw the woman who fled from the car carrying what looked like a fur coat. The female officer testified she was ten feet from the woman, whom she identified as Winston, when she saw the coat.

Pearly Buchholten testified that approximately a week after the alleged theft Winston called her and told her she had got a coat and was going to sell it to buy a car.

Winston testified that she and Pearly Buchholten went to Schlampp's, where Winston grabbed the first dress she saw and stuffed it under her coat. They then went to the fur department on the third floor.

Winston testified that the object observed by the MHRA patrol officers was her boyfriend's leather coat wrapped around the dress she had stolen.

The jury found her guilty of theft over $2500, and the trial court sentenced her to 32 months in prison.

## ISSUE

Was the evidence of the value of the property stolen sufficient to support the conviction?

## ANALYSIS

Winston does not dispute that she was present in the Schlampp's store on February 11, 1986, and that she shoplifted something of value. She contends only that she stole a dress of substantially less value than the fur coat claimed to have been stolen.

An appellate court must view the evidence in the light most favorable to a guilty verdict and assume the jury believed the state's witnesses and disbelieved any contrary evidence. *State v. Jones*, 347 N.W.2d 796, 800 (Minn.1984). The state, nevertheless, must prove every element of the offense beyond a reasonable doubt. Here, the state had the burden of proving the value of the property stolen exceeded $2500. An element of a crime can be proved by circumstantial evidence.

Winston's claim on appeal is only that her version of the shoplifting incident was plausible. However, this did not compel the jury to accept it.

■ The jury is normally in the best position to evaluate the circumstantial evidence surrounding a crime. *State v. Berndt*, 392 N.W.2d 876, 880 (Minn.1986). Circumstantial evidence is entitled to as much weight as direct evidence

> so long as the circumstances proved are consistent with the hypothesis that the accused is guilty and inconsistent with any rational hypothesis except that of his guilt.

*State v. Jacobson*, 326 N.W.2d 663, 666 (Minn.1982).

■ Here the evidence showed a fur coat missing from the store; appellant admitted shoplifting from the store at the time the coat was found to be missing; two store employees testified it was a fur coat she had stolen; a store employee testified Winston did not look at dresses on the first floor; the assistant manager testified he saw an empty hanger in the fur department after he noticed the bulge under Winston's coat; two MHRA patrol officers saw appellant after the alleged theft carrying what appeared to be a fur coat; and appellant's companion, Pearly Buchholten, testified that appellant called her and told her that she had got a coat and was going to sell it to buy a car.

## DECISION

The evidence of the value of the property stolen by appellant was sufficient to support the conviction.

Affirmed.